**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SIGNAL NATIONAL LLC, *et al.*,[1] | § | Case No. 26-90190 (ELM) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**GLOBAL NOTES AND STATEMENT**
**OF LIMITATIONS, METHODOLOGIES, AND**
**DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES**
**OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file their Schedules of Assets and Liabilities (collectively with attachments, the "Schedules") and Statements of Financial Affairs (collectively with attachments, the "Statements," and together with the Schedules, the "Schedules and Statements"). The Schedules and Statements were prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure, and rule 1007-1 of the *Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas* by the Debtors with the assistance of their advisors and are unaudited.

These *Global Notes and Statement of Limitations, Methodologies, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and constitute an integral part of the Schedules and Statements. These Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements. To the extent that the Schedules and Statements conflict with these Global Notes, these Global Notes shall control.

The Debtors and their professionals do not and cannot guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of, or caused in whole or in part by, the acts, errors, or omissions in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While diligent and reasonable efforts have been made to provide accurate and complete information in the Schedules and Statements, inadvertent errors or omissions may exist. In no event shall the Debtors or their professionals be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/SignalNational. The Debtors' address for service in these chapter 11 cases is 3500 Maple Ave, Suite 420, Dallas, Texas 75219.

reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their professionals are advised of the possibility of such damages.

These Global Notes are in addition to any specific notes contained in each Debtor's respective Schedules or Statements. Disclosure of information in one or more Schedules or Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

## Global Notes and Overview of Methodology

1. ***"As Of" Information Date***. On August 9, 2026 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

   To the best of the Debtors' knowledge, the information provided herein represents the asset and liability data of the Debtors as of the Petition Date, except as otherwise noted. Amounts ultimately realized may vary from net book value (or the applicable value ascribed herein) and such variance may be material. Accordingly, the Debtors reserve all rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

2. ***Reservations and Limitations.*** Diligent and reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to: (a) amend and/or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, amending the Schedules and Statements with respect to the description or designation of any claim (each, a "Claim"); (b) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (c) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (d) object to the extent, validity, enforceability, or priority of any Claim (regardless of whether such Claim is designated in the Schedules and Statement as "disputed," "contingent," or "unliquidated").

   Notwithstanding the Debtors' diligent and reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have inadvertently improperly characterized, classified, categorized, designated, or omitted certain items. Accordingly, the Debtors reserve their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases

listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

Furthermore, nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including any rights or Claims of the Debtors against any third party or issues involving Claims, substantive consolidation, equitable subordination, recharacterization, or defenses and/or causes of action arising under the provisions of chapter five (5) of the Bankruptcy Code and any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.

Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in the above paragraphs, nor shall it otherwise infringe upon the Debtors' rights to amend their Schedules and Statements at any time before these chapter 11 cases are closed, pursuant to Bankruptcy Rule 1009.

3. ***Claims Description.*** Schedules D and E/F permit the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated."

> A claim that is dependent on the realization of some uncertain future event is a "**contingent**" claim.
>
> A claim, or portion of a claim, for which a specific value could not be readily quantified by the Debtor using currently available information is scheduled as "**unliquidated**."
>
> A claim with respect to which the applicable Debtor and the claimant disagree as to the amount owed, whether any amount is owed, or the claim classification, is "**disputed**."

Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all rights to dispute, or assert offsets or defenses to, any Claim reflected on their Schedules and Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification. Additionally, the Debtors expressly reserve all rights to designate such Claims as "disputed," "contingent," or "unliquidated" at a later date. Moreover, listing a Claim does not constitute an admission of liability by the Debtors. The Debtors reserve all rights to amend Schedules and Statement as necessary and appropriate, including, but not limited to, with respect to Claim description and designation.

4. ***Basis of Presentation***. Information contained in the Schedules and Statements has been derived from the information provided by the Debtors' management. The Schedules and Statements have not been subject to procedures that would typically be applied to financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP") and are not intended to reconcile fully with any financial statements prepared under GAAP. Therefore, combining the assets and liabilities set forth in the Schedules and

Statements would result in amounts that are substantially different from financial information that would otherwise be prepared under GAAP. To the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date. For the avoidance of doubt, nothing contained in the Schedules and Statement is indicative of the Debtors' enterprise value.

5. ***Causes of Action***. Despite making diligent and reasonable efforts to identify all known assets, the Debtors may not have identified or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter five (5) of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all rights with respect to any causes of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, at law or in equity, or pursuant to any other theory (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action by the Debtors.

6. ***Book Value***. Except as otherwise indicated, the Debtors, along with their proposed financial advisors, have made a good faith effort to list assets and liabilities based on book values as of the latest close of books and records or, where possible, through the Petition Date. The book values of certain assets may materially differ from their fair market values. Certain assets that have been fully depreciated or that were expensed for accounting purposes either may not appear in the Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any of the Debtors' rights with respect to such asset.

7. ***Classifications.*** Listing (a) a claim on Schedule D as "secured," (b) a claim on Schedule E/F as "priority," or (c) a claim on Schedule E/F as "unsecured," or (d) a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claims, contracts, or leases or to setoff such Claims.

8. ***Court Orders***. Pursuant to certain orders of the Bankruptcy Court entered in these chapter 11 cases (the "First Day Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain of the Debtors' ordinary course operational costs and

employee compensation. Accordingly, certain liabilities may have been or may be satisfied in accordance with such First Day Orders and therefore, generally are not listed in the Schedules and Statements.

9. ***Liabilities***. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.

10. ***Excluded Assets and Liabilities***. The Debtors have excluded the following categories of assets and liabilities from the Schedules and Statements: reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; deferred revenue accounts; and certain accrued liabilities. The Debtors have also excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that have not been rejected, to the extent such damage Claims exist. In addition, other immaterial or *de minimis* assets and liabilities may also have been excluded.

11. ***Property Rights.*** Exclusion of certain property from the Schedules and Statements shall not be construed as an admission that such property rights have been abandoned, terminated, assigned, expired by terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain property shall not be construed to be an admission that such property rights have not been abandoned, have not been terminated, or otherwise expired by terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

12. ***Insiders.*** In instances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals and entities who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities.

The listing or omitting a party as an insider for purposes of the Schedules and Statements is for informational purposes only and is not intended to be, nor should it be, construed as an admission of the legal characterization of such party as an insider for purpose of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that they are not an "insider" or "affiliate" under applicable law or with respect to any theories of liability or for any other purpose.

There have been allegations that AAV2024 LLC, Haymarket Insurance Company, and ACM Delegate LLC and their affiliates (collectively, "ACAP") are insiders of the Debtors. There has not been a judicial determination of this issue and thus, the Debtors have not treated ACAP as insiders for purposes of the Schedules and Statements. The Debtors reserve all rights.

13. ***Intercompany Balances.*** The Schedules include intercompany balances due to and from certain of the Debtors and their Debtor and non-Debtor affiliates. Intercompany balances remain subject to reconciliation and thus may be designated as "Unknown." For purposes of the Schedules and Statements, all potential affiliates that may hold an intercompany receivable or payable were identified based on the balances recorded on the applicable Debtors' books and records. Amended Schedules will be filed upon completion of the reconciliation of intercompany accounts.

14. ***Estimates***. To prepare and file the Schedules and Statements in accordance with the deadline established in these chapter 11 cases, the Debtors were required to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statement, and the reported amounts of revenues and expenses during the applicable reporting periods. The Debtors reserve all rights to amend, supplement, or otherwise modify the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

15. ***Fiscal Year***. Each Debtor's fiscal year ends on December 31.

16. ***Currency***. Unless otherwise indicated, all amounts are reflected in U.S. dollars. Currency conversions are generally as of the Petition Date.

17. ***Equity Interests***. For purposes of these Schedules, the Debtors have listed an unknown value of their respective equity interests. Nothing in these Schedules is an admission by or conclusion of the Debtors regarding the value of such equity interests.

18. ***Executory Contracts and Unexpired Leases***. Although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of any contract or lease, or an admission as to the existence or validity of any Claims held by any counterparty to any contract or lease. Furthermore, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

    Moreover, nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease or financing arrangement (including whether any lease or financing arrangement is a true lease, a financing arrangement, or a real property interest), and the Debtors reserve all rights with respect to such issues.

19. ***Totals***. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown, disputed, contingent, unliquidated, or otherwise Undetermined Amounts, the actual total may be different from the listed total.

20. ***Unliquidated Claim Amounts.*** Claim amounts that could not be quantified by the Debtors are scheduled as "unliquidated."

21. ***Undetermined Amounts***. The description of an amount as "unknown," "disputed," "contingent," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount.

22. ***Liens.*** Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

23. ***Confidential Information.*** Pursuant to that certain *Order (I) Authorizing the Debtors to Serve a Consolidated List of Creditors and a Consolidated List of the 30 Largest Unsecured Creditors, (II) Authorizing the Debtors to Redact Certain Personal Identification Information, (III) Approving the Form and Manner of Notifying Creditors of the Commencement of the Debtors' Chapter 11 Cases, (IV) Establishing a Master Service List, and (V) Granting Related Relief* [Docket No. 81] (the "Creditor Matrix Order"), the Bankruptcy Court has authorized the Debtors to redact certain personally identifiable information, such as home addresses of individuals. To the extent the Debtors believe a claim, name, address, or amount falls under the purview of the Creditor Matrix Order, such information is not included in the Schedules and Statements. The alterations or redactions are limited only to what the Debtors believe is warranted to comply with the Creditor Matrix Order.

24. ***Setoffs.*** The Debtors may have incurred setoffs and net payments in the ordinary course of business. Such setoffs and nettings may have occurred due to a variety of transactions or disputes, including intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or disputes between Debtors and their customers and/or suppliers. Although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Schedules and Statements. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

25. ***Bankruptcy Proceeding Payments.*** Payments related to the bankruptcy proceedings are listed under the respective Debtor that made the payment. Where a payment was made by a non-Debtor entity on behalf a Debtor, such payment is listed under Signal National LLC as the lead case in these jointly administered proceedings.

26. ***777 Partners LLC and 600 Partners LLC***. Historically, the books and records of 777 Partners LLC and 600 Partners LLC have not been maintained on a basis that permits the assets, liabilities, and other financial information attributable to each entity to be separately identified. Since their inception, the two entities have utilized the same company code within each general ledger system used by the Debtors to maintain their respective books and records. Accordingly, based solely on the available books and records, the Debtors are unable to reliably determine the assets and liabilities attributable to 777 Partners LLC and 600 Partners LLC on an individual basis. To the extent the

Debtors are able to further allocate assets and liabilities between the two entities, the Schedules will be amended accordingly.

**<u>Specific Disclosures with Respect to the Debtors' Schedules</u>**

1. ***Schedule A/B:*** Assets on Schedule A/B are recorded as of August 9, 2026.

2. ***Schedule A/B Question 3:*** With respect to SuttonPark Servicing, LLC, the Axos Bank account ending in #3795 serves as the passthrough account and holds approximately $3.5 million in funds, and the Axos Bank account ending in #9869 serves as the suspense account and holds approximately $5.6 million in funds. All funds held in these two accounts are owed to third parties in connection with loan servicing operations.

3. ***Schedule A/B Question 11:*** SuttonPark Capital, LLC holds interests in numerous structured settlements and lottery winnings. The historical accounting records associated with these assets are not sufficiently reliable, and the Debtor is currently undertaking a comprehensive review and analysis of such assets to determine whether any residual future value remains. Amended Schedules may be filed to the extent additional information becomes available as a result of this ongoing analysis.

4. ***Schedule D:*** The Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted an existing lien because of, among other things, the possibility that a lien may have been imposed after Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation. Moreover, the Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

5. ***Schedule E/F, Part 1: Creditors Holding Priority Unsecured Claims***. The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all rights to dispute the amount and the priority status of any claim on any basis at any time. All claims listed on the Debtors' Schedule E/F, Part 1, are claims arising from tax obligations for which the Debtors may potentially be liable, and which may be subject to ongoing audits or other proceedings.

6. ***Schedule E/F, Part 2: Creditors Holding Non-Priority Unsecured Claims.*** The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

   Certain creditors listed on Schedule E/F are involved in litigation and the case(s) may/may not be concluded as to the settlement of the case. The Debtors reserve their rights to amend Schedule E/F for all settled cases at or near the Petition Date, and for any supplemental claims and/or lawsuits that may have been filed, yet not served on the Debtors as of the Petition Date.

All creditors listed on the Schedules of SuttonPark Servicing, LLC with the basis for the claim designated as "structured settlement recipient" are parties that have been identified as potentially holding a claim to the funds held in Axos Bank account ending in #3795 and Axos Bank account ending in #9869.

**Specific Disclosures with Respect to the Debtors' Statements**

1. ***Statement 1.*** SuttonPark Capital, LLC generated minimal revenue related to receipts from structured settlements and lottery winnings in which it holds an interest. However, the revenue reflected on the Debtor's books and records is recorded on an accrual basis and is derived from a portfolio of deals that requires adjustment to account for assets no longer owned by SuttonPark Capital, LLC or that are otherwise uncollectible. The Debtor is currently undertaking a review and analysis of these deals to determine the accurate revenue attributable to such assets. Amended Schedules will be filed to the extent additional information becomes available as a result of this ongoing analysis.

2. ***Statement 5.*** The values listed for property foreclosed upon, transferred by deed in lieu of foreclosure, or repossessed are subject to reconciliation, valuation, or further investigation. Nothing in the Schedules and Statements is an admission by, or conclusion of, the Debtors regarding the value of such property.

3. ***Statement 7.*** On August 10, 2026, the Commonwealth of Massachusetts Office of the Attorney General served SuttonPark Capital, LLC with a Civil Investigation Demand. As this demand was served postpetition, it is not reflected in the Statement of Financial Affairs.

4. ***Statement 17.*** The 777 Partners LLC 401(k) Plan (the "Plan") was terminated in 2024. The following affiliates had adopted the Plan: F3EA Holdings LLC; Employee Funding of America LLC; F3EA Servicing LLC; Speed Leasing Company LLC; JusticeFunds LLC; Signal Funding LLC; Signal AHF LLC; Signal MLH LLC; SuttonPark Capital LLC; and Liberty Settlement Funding LLC.

5. ***Statement 18.*** The 777 Asset Management, LLC account ending in #6857 at City National Bank of Florida was open as of the Petition Date. The account was subsequently closed on August 24, 2026, due to account inactivity, the accrual of recurring service fees, and the fact that City National Bank of Florida is not included on the United States Trustee's list of approved depositories.

6. ***Statement 21.*** With respect to SuttonPark Servicing, LLC, the Axos Bank account ending in #3795 serves as the Passthrough Account and holds approximately $3.5 million in funds, and the Axos Bank account ending in #9869 serves as the Suspense Account and holds approximately $5.6 million in funds. All or most of the funds held in these two accounts are owed to third parties in connection with structured settlements and lottery servicing operations.

**Fill in this information to identify the case:**

Debtor name 777 Partners LLC

United States Bankruptcy Court for the: ____________________

Case number (If known): 26-90193

☐ Check if this is an amended filing

# Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/22

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

## Part 1: Income

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|
| From 01/01/2026 (MM / DD / YYYY) to Filing date | ☐ Operating a business<br>☑ Other I/C MANAGEMENT FEE INCOME, INTEREST INCOME, OTHER GAINS AND LOSSES, OTHER INCOME, MISCELLANEOUS INCOME | $ 4,858,056.36 |
| From 01/01/2025 (MM / DD / YYYY) to 12/31/2025 (MM / DD / YYYY) | ☐ Operating a business<br>☑ Other I/C MANAGEMENT FEE INCOME, I/C SERVICING INCOME, INTEREST INCOME, OTHER GAINS AND LOSSES, OTHER INCOME, REALIZED GAIN (FX), SERVICING FEES, UNREALIZED CHANGE IN FV OF FINANCIAL ASSETS | $ 80,300,306.01 |
| From 01/01/2024 (MM / DD / YYYY) to 12/31/2024 (MM / DD / YYYY) | ☐ Operating a business<br>☑ Other FOREIGN EXCHANGE GAIN, I/C INTEREST REVENUE, I/C MANAGEMENT FEE INCOME, INTEREST INCOME, OTHER INCOME, REALIZED GAIN (FX), TAX REFUNDS | $ 83,386,947.68 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties.
List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

❑ None

| | | | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|---|---|
| From | 01/01/2026 MM / DD / YYYY | to | Filing date MM / DD / YYYY | | $ |
| From | 01/01/2025 MM / DD / YYYY | to | 12/31/2025 MM / DD / YYYY | | $ |
| From | 01/01/2024 MM / DD / YYYY | to | 12/31/2024 MM / DD / YYYY | | $ |

## Part 2: List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/1/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

❑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| RAMP CARD<br>28 WEST 23RD STREET<br>NEW YORK, NY 10010 | 06/01/2026<br>06/30/2026 | $ 27,269.46<br>$ 18,548.16 | CREDIT CARD PAYMENT<br>CREDIT CARD PAYMENT |
| | TOTAL FOR RAMP CARD | **$ 45,817.62** | |
| | **GRAND TOTAL:** | **$ 45,817.62** | |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/1/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

❑ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 777 ASSET MANAGEMENT, LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | 02/10/2026 | $ 172,500.00 | I/C TRANSFER |
| | 02/20/2026 | $ 170,889.50 | I/C TRANSFER |
| | 03/04/2026 | $ 66,264.39 | I/C TRANSFER |
| | 03/20/2026 | $ 139,334.84 | I/C TRANSFER |
| | 03/31/2026 | $ 22,500.00 | I/C TRANSFER |
| **Relationship to debtor** | 04/03/2026 | $ 42,500.00 | I/C TRANSFER |
| CO-DEBTOR | 04/15/2026 | $ 30,643.19 | I/C TRANSFER |
| | 04/30/2026 | $ 62,000.00 | I/C TRANSFER |
| | 05/07/2026 | $ 3,679.63 | I/C TRANSFER |
| | 05/14/2026 | $ 10,105.64 | I/C TRANSFER |
| | 05/15/2026 | $ 93,000.00 | I/C TRANSFER |
| | 06/02/2026 | $ 141,730.85 | I/C TRANSFER |
| | 06/11/2026 | $ 10,027.93 | I/C TRANSFER |
| | 07/13/2026 | $ 9,061.09 | I/C TRANSFER |
| **TOTAL FOR 777 ASSET MANAGEMENT, LLC** | | **$ 974,237.06** | |
| SIGNAL FINANCIAL HOLDINGS LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | 12/31/2025 | $ 125,000.00 | I/C TRANSFER |
| **Relationship to debtor** | | | |
| AFFILIATE | | | |
| **TOTAL FOR SIGNAL FINANCIAL HOLDINGS LLC** | | **$ 125,000.00** | |
| SIGNAL NATIONAL LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | 04/30/2026 | $ 107,000.00 | I/C TRANSFER |
| | 04/30/2026 | $ 10,230.67 | I/C TRANSFER |
| | 05/15/2026 | $ 110,000.00 | I/C TRANSFER |
| **Relationship to debtor** | | | |
| CO-DEBTOR | | | |
| **TOTAL FOR SIGNAL NATIONAL LLC** | | **$ 227,230.67** | |

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| WANDER, MOLLIE<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | 08/22/2025 | $ 8,461.54 | PAYROLL |
| | 09/05/2025 | $ 8,461.54 | PAYROLL |
| | 09/19/2025 | $ 8,461.54 | PAYROLL |
| | 10/03/2025 | $ 8,461.54 | PAYROLL |
| | 10/17/2025 | $ 8,461.54 | PAYROLL |
| **Relationship to debtor** | 10/31/2025 | $ 8,461.54 | PAYROLL |
| RELATIVE | 11/18/2025 | $ 8,461.54 | PAYROLL |
| | 11/28/2025 | $ 8,461.54 | PAYROLL |
| | 12/17/2025 | $ 8,461.54 | PAYROLL |
| | 12/30/2025 | $ 8,461.54 | PAYROLL |
| | 01/09/2026 | $ 8,461.54 | PAYROLL |
| | 01/23/2026 | $ 8,461.54 | PAYROLL |
| | 02/06/2026 | $ 8,461.54 | PAYROLL |
| | 02/20/2026 | $ 8,461.54 | PAYROLL |
| | 03/06/2026 | $ 8,461.54 | PAYROLL |
| | 03/20/2026 | $ 8,461.54 | PAYROLL |
| | 04/03/2026 | $ 8,461.54 | PAYROLL |
| | 04/17/2026 | $ 8,461.54 | PAYROLL |
| | 05/01/2026 | $ 8,461.54 | PAYROLL |
| | 05/15/2026 | $ 8,461.54 | PAYROLL |
| | 06/03/2026 | $ 8,461.54 | PAYROLL |
| | 06/12/2026 | $ 8,461.54 | PAYROLL |
| | 06/26/2026 | $ 8,461.54 | PAYROLL |
| | 07/10/2026 | $ 8,461.54 | PAYROLL |
| | 07/24/2026 | $ 8,461.54 | PAYROLL |
| | 08/07/2026 | $ 8,461.54 | PAYROLL |
| | **TOTAL FOR WANDER, MOLLIE** | **$ 220,000.04** | |

**GRAND TOTAL: $ 1,546,467.77**

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

❑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| ACM DELEGATE LLC<br>1180 AVENUE OF THE AMERICAS<br>21ST FLOOR<br>NEW YORK, NY 10036 | FANATIZ HOLDINGS LTD - WARRANT TO PURCHASE ORDINARY SHARES | 08/19/2025 | $ 500.00 |
| ACM DELEGATE LLC<br>1180 AVENUE OF THE AMERICAS<br>21ST FLOOR<br>NEW YORK, NY 10036 | SUSTAINABLE SUPPLIES LLC - ALL EQUITY INTERESTS | 08/19/2025 | $ 1,000,000.00 |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

## Part 3: Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title / Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| AL-NAHHAS V. ROSEBUD LENDING LZO<br>Case number: 1:22-CV-00750 | CLASS ACTION | USDC ND ILLINOIS, E. DIV - EVERETT MCKINLEY DIRKSEN US COURTHOUSE, 219 SOUTH DEARBORN STREET, CHICAGO, IL 60604 | ☐ Pending<br>☑ On appeal<br>☐ Concluded |
| ALFALLA V. 777 PARTNERS<br>Case number: 2024-0771-JTL | ADVANCEMENT | THE DELAWARE COURT OF CHANCERY - LEONARD L. WILLIAMS JUSTICE CENTER, 500 NORTH KING STREET, WILMINGTON, DE 19801 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| CHANGE LENDING LLC V. 777 PARTNERS & 600 PARTNERS<br>Case number: 650118/2024 | BREACH OF CONTRACT | NY SUPREME COURT - 60 CENTRE, NEW YORK, NY 10007 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| CHESTNUT HILL TECHNOLOGIES V. 777PARTNERS<br>Case number: 25-013668 | BREACH OF CONTRACT | BROWARD COUNTY - 201 SE 6TH STREET, FORT LAUDERDALE, FL 33301 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| CORVUS LIGHTS AVIATION LIMITED, ET AL. V. 777 PARTNERS LLC & 600 PARTNERS LLC<br>Case number: CL-2023-000857 | BREACH OF GUARANTY | HIGH CT OF JUSTICE; BUS & PROP COURTS OF ENGLAND - ADMIRALTY AND COMMERCIAL COURT LISTING OFFICE, ROLLS BUILDING, 7 ROLSS BUILDINGS, FETTER LAN, LONDON EC4A 1NL | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS<br>Case number: 25-MC-20896 | FOREIGN DISCOVERY | USDC, SDFL - WILKIE D FERGUSON JR. US COURTHOUSE, 400 NORTH MIAMI AVENUE, MIAMI, FL 33128 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

| Case title | Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| FRED LOVE V. 777 PARTNERS | 2026-01612-MJ | UNKNOWN | THE COURT OF COMMON PLEAS OF CHESTER COUNTY - 201 WEST MARKET STREET, PO BOX 2746, WEST CHESTER, PA 19380 | ☑ Pending ☐ On appeal ☐ Concluded |
| HERITAGE TRAVEL AND TOURISM V. 777 PARTNERS | 24-CV-24683 | RECOGNITION OF FOREIGN JUDGMENT | USDC, SDFL - WILKIE D FERGUSON JR. US COURTHOUSE, 400 NORTH MIAMI AVENUE, MIAMI, FL 33128 | ☐ Pending ☐ On appeal ☑ Concluded |
| ING CAPITAL V. 777 PARTNERS | 25-1552-CA-01 | BREACH OF CONTRACT | 11TH CIR MIAMI DADE - 20 NW 1ST AVENUE, MIAMI, FL 33128 | ☑ Pending ☐ On appeal ☐ Concluded |
| JPC PHASE 2 V. 777 PARTNERS LLC | 2024-13773-CV | BREACH OF CONTRACT | 11TH CIR MIAMI DADE - 20 NW 1ST AVENUE, MIAMI, FL 33128 | ☐ Pending ☐ On appeal ☑ Concluded |
| LEADENHALL CAPITAL PARTNERS LLP, ET AL V. JOSH WANDER, ET AL | 1:24-CV-03453 | BREACH OF CONTRACT | USDC, SDNY - THURGOOD MARSHALL US COURTHOUSE, 40 FOLEY SQUARE, NEW YORK, NY 10007 | ☑ Pending ☐ On appeal ☐ Concluded |
| LYNNE MCDONNELL V. 777 PARTNERS | 24-0003344 | WAGE CLAIM | ILLINOIS DEPARTMENT OF LABOR - 160 N LASALLE ST STE C1300, CHICAGO, IL 60601 | ☑ Pending ☐ On appeal ☐ Concluded |
| MALT FAMILY TRUST & TOD V. 777 PARTNERS ET AL | 2022-0652-MTZ | BREACH OF CONTRACT | THE DELAWARE COURT OF CHANCERY - LEONARD L. WILLIAMS JUSTICE CENTER, 500 NORTH KING STREET, WILMINGTON, DE 19801 | ☐ Pending ☐ On appeal ☑ Concluded |
| MEDIAMONKS V. 777 PARTNERS | 24STCV05129 | BREACH OF CONTRACT | SUPREME COURT OF CALIFORNIA, LOS ANGELES - 300 SOUTH SPRING STREET, 3RD FLOOR, LOS ANGELES, CA 90013 | ☐ Pending ☐ On appeal ☑ Concluded |

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| MEYERS V. 777 PARTNERS, 777 PARTNERS MANAGEMENT LLC<br>**Case number**<br>2024-001279-CA-01 | BREACH OF CONTRACT | 11TH CIR MIAMI DADE - 20 NW 1ST AVENUE, MIAMI, FL 33128 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| NAVAN INC V 777 PARTNERS<br>**Case number**<br>2025-077607-CC-23 | BREACH OF CONTRACT | MIAMI DADE CTY - 20 NW 1ST AVENUE, MIAMI, FL 33128 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| OBRA CAP MNGMT V. 777 PARTNERS LLC & STEVE PASKO<br>**Case number**<br>651220/2024 | FRAUDULENT TRANSFER | NY SUPREME COURT - 60 CENTRE, NEW YORK, NY 10007 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| SECURITIES AND EXCHANGE COMMISSION V. WANDER, ET AL<br>**Case number**<br>25 CIV 8565 | | USDC, SDNY - THURGOOD MARSHALL US COURTHOUSE, 40 FOLEY SQUARE, NEW YORK, NY 10007 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| SIDELL V. 777 PARTNERS<br>**Case number**<br>25-CV-2045-PCH | BREACH OF CONTRACT | MIAMI DADE CTY - 20 NW 1ST AVENUE, MIAMI, FL 33128 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| STRIPE V. 777 PARTNERS, ET AL<br>**Case number** | BREACH OF CONTRACT | USDC, SDFL - WILKIE D FERGUSON JR. US COURTHOUSE, 400 NORTH MIAMI AVENUE, MIAMI, FL 33128 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| USDC, SDNY - GRAND JURY PROCEEDINGS<br>**Case number** | INVESTIGATION | USDC, SDNY - THURGOOD MARSHALL US COURTHOUSE, 40 FOLEY SQUARE, NEW YORK, NY 10007 | ☐ Pending<br>☐ On appeal<br>☐ Concluded |
| VIDA LONGEVITY PARTNERS LP V. 777 PARTNERS, ET AL<br>**Case number**<br>656715/2022 | BREACH OF CONTRACT | NY SUPREME COURT - 60 CENTRE, NEW YORK, NY 10007 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |

8. **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

## Part 4: Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

## Part 5: Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

## Part 6: Certain Payments or Transfers

11. **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| GLASSRATNER ADVISORY & CAPITAL GROUP LLC<br>3445 PEACHTREE ROAD NE<br>SUITE 1225<br>ATLANTA, GA 30326 | | 11/06/2025 | $ 30,000.00 |
| **Email or website address** | | | |
| WWW.GLASSRATNER.COM | | | |
| **Who made the payment, if not debtor?** | | | |
| | **TOTAL FOR GLASSRATNER ADVISORY & CAPITAL GROUP LLC** | | **$ 30,000.00** |

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| SMITH, GAMBRELL & RUSSELL, LLP<br>155 N. WACKER DR.<br>SUITE 3000<br>CHICAGO, IL 60606 | | 09/03/2025<br>09/11/2025<br>09/29/2025<br>10/08/2025<br>10/22/2025<br>11/05/2025<br>11/12/2025<br>11/20/2025<br>12/19/2025<br>01/05/2026<br>01/22/2026 | $ 244,000.00<br>$ 135,000.00<br>$ 135,000.00<br>$ 135,000.00<br>$ 135,000.00<br>$ 135,000.00<br>$ 67,773.10<br>$ 135,000.00<br>$ 135,000.00<br>$ 135,000.00<br>$ 135,000.00 |
| **Email or website address**<br>WWW.SGRLAW.COM | | | |
| **Who made the payment, if not debtor?** | ADVANTAGE CAPITAL HOLDINGS, LLC | | |
| | | **TOTAL FOR SMITH, GAMBRELL & RUSSELL, LLP** | **$ 1,526,773.10** |

**GRAND TOTAL: $ 1,556,773.10**

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| ML HEALTHCARE SERVICES, LLC (A DE LLC)<br>5 GREENWICH OFFICE PARK<br>SUITE 400<br>GREENWICH, CT 06831 | SUBSTANTIALLY ALL ASSETS OF ML HEALTHCARE SERVICES, LLCC (A GA LLC) PER ASSET AND PURCHASE AGREEMENT | 05/29/2026 | $ 4,000,000.00 |
| **Relationship to debtor**<br>CONTRACT COUNTERPARTY | | | |

## Part 7: Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy |
|---|---|
| 100 SE 2ND ST<br>SUITE 2000/3800<br>MIAMI, FL 33131 | **From** 08/15/2024<br>**To** 08/07/2026 |
| 140 GRAND STREET<br>9TH FLOOR<br>WHITE PLAINS, NY 10601 | **From** 04/30/2021<br>**To** 10/01/2024 |
| 4675 MCARTHUR CT<br>SUITE 600, 650, 670<br>NEWPORT BEACH, CA 92660 | **From** 02/15/2022<br>**To** 10/16/2024 |
| 4675 MCARTHUR CT<br>SUITE 650<br>NEWPORT BEACH, CA 92660 | **From** 11/01/2021<br>**To** 10/16/2024 |
| 600 BRICKELL AVENUE<br>19TH FLOOR<br>MIAMI, FL 33131 | **From** 03/15/2017<br>**To** 08/31/2024 |

## Part 8: Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

## Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.
☑ Yes. State the nature of the information collected and retained.

PII RELATED TO THE COLLECTION OF INFORMATION BY SUBSIDIARIES

Does the debtor have a privacy policy about that information?

☑ No ☐ Yes ☐ Unknown

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

☑ Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☑ Yes. Fill in below:

| Name of plan | Employer identification number of the plan | Has the plan been terminated? |
|---|---|---|
| 777 PARTNERS LLC 401 (K) PLAN | EIN: 61-1762656 | ☑ No<br>☐ Yes |

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case.

Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns.

Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

**Part 12:**

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?**

Include settlements and orders.

☑ No

☐ Yes. Provide details below.

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

**Part 13: Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 347 GREEN LEASING CAYMAN LIMITED<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | HOLDING COMPANY | 37-6281___<br>**Dates business existed**<br>From 05/26/2021 To PRESENT |
| 42 BRUTON LTD.<br>55-56 RUSSELL SQUARE<br>LONDON, WC1B 4HP | PUBLIC RELATIONS | 29-4446079<br>**Dates business existed**<br>From 06/21/2023 To 09/16/2024 |
| 777 ASSET MANAGEMENT LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | ASSET MANAGER | 85-4103215<br>**Dates business existed**<br>From 11/04/2020 To PRESENT |

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 777 ASSET MANAGEMENT LTD | EMPLOYING ENTITY | __ __ - __ __ __ __ __ __ __<br>Dates business existed<br>From 12/09/2020 To 09/09/2024 |
| 777 ENERGY LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | | 86-1938357<br>Dates business existed<br>From 05/14/2019 To PRESENT |
| 777 EQUIPMENT FINANCE LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | COMMERICAL LENDING AND LEASING | 82-5312145<br>Dates business existed<br>From 01/31/2018 To PRESENT |
| 777 OS LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | | 61-1762656<br>Dates business existed<br>From 04/20/2022 To PRESENT |
| 777 PARTNERS UK LIMITED | NO OPERATIONS | __ __ - __ __ __ __ __ __ __<br>Dates business existed<br>From 02/04/2022 To 02/19/2025 |
| 777 REAL ESTATE LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | FINANCE COMPANY | 61-1762656<br>Dates business existed<br>From 05/06/2021 To PRESENT |
| 777 SOFTWARE LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | HOLDING COMPANY | 61-1762656<br>Dates business existed<br>From 07/09/2021 To PRESENT |
| 7777 SPV I LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | SPECIAL PURPOSE VEHICLE | 61-1762656<br>Dates business existed<br>From 03/08/2019 To PRESENT |
| BASKETBALL LEAGUE LIMITED<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | BASKETBALL LEAGUE | __ __ - __ __ __ __ __ __ __<br>Dates business existed<br>From 07/26/2021 To PRESENT |
| BRICKELL INSURANCE HOLDINGS<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | INSURANCE HOLDING COMPANY | __ __ - __ __ __ __ __ __ __<br>Dates business existed<br>From To PRESENT |
| CLEAR CAPITAL LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | | 83-3555489<br>Dates business existed<br>From 08/23/2018 To PRESENT |

| Business name and address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. | Dates business existed |
|---|---|---|---|
| ENGLAND HOLDINGS 3 INC. ACM DELAGATE LLC, C/O CORPORATION SERVICE COMPANY 251 LITTLE FALLS DRIVE WILMINGTON, DE 19808 | HOLDING COMPANY | 85-1155775 | From To 06/30/2025 |
| F3EA CAPITAL LLC C/O GLASSRATNER 3500 MAPLE AVE, SUITE 420 DALLAS, TX 75219 | COMMERCIAL LENDING | 47-5280204 | From 10/08/2015 To PRESENT |
| F3EA HOLDINGS LLC C/O GLASSRATNER 3500 MAPLE AVE, SUITE 420 DALLAS, TX 75219 | HOLDING COMPANY | 47-4622746 | From 07/27/2015 To PRESENT |
| FIRST SUSTAINABLE II LLC C/O GLASSRATNER 3500 MAPLE AVE, SUITE 420 DALLAS, TX 75219 | | 84-2143167 | From 12/17/2018 To PRESENT |
| FLAIR AIRLINES LTD ACM DELAGATE LLC, C/O CORPORATION SERVICE COMPANY 251 LITTLE FALLS DRIVE WILMINGTON, DE 19808 | CANADIAN AIRLINE | __-_______ | From 03/15/2018 To 06/30/2025 |
| HERON FINANCE 2021-1 LLC C/O GLASSRATNER 3500 MAPLE AVE, SUITE 420 DALLAS, TX 75219 | | 87-2876408 | From 07/20/2021 To PRESENT |
| ILFM LLC C/O GLASSRATNER 3500 MAPLE AVE, SUITE 420 DALLAS, TX 75219 | HOLDING COMPANY | 61-1762656 | From 08/08/2021 To |
| INSURETY CAPITAL LLC C/O GLASSRATNER 3500 MAPLE AVE, SUITE 420 DALLAS, TX 75219 | | 82-3193219 | From 10/19/2017 To PRESENT |
| IRONMAN CAPITAL LLC C/O GLASSRATNER 3500 MAPLE AVE, SUITE 420 DALLAS, TX 75219 | | 86-3297527 | From 04/03/2018 To PRESENT |
| JF SOFTWARE HOLDINGS, LLC C/O GLASSRATNER 3500 MAPLE AVE, SUITE 420 DALLAS, TX 75219 | NO OPERATIONS | 61-1762656 | From 09/13/2018 To PRESENT |
| JUSTICEFUNDS LLC C/O GLASSRATNER 3500 MAPLE AVE, SUITE 420 DALLAS, TX 75219 | | 27-3767915 | From 05/18/2016 To PRESENT |

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| JWARP II LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | | 88-3937146<br>**Dates business existed**<br>From 08/25/2022 To PRESENT |
| JWARP III LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | | 92-0729373<br>**Dates business existed**<br>From 10/12/2022 To PRESENT |
| JWARP IV LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | | 92-1154638<br>**Dates business existed**<br>From 11/09/2022 To PRESENT |
| JWARP LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | | 88-3470345<br>**Dates business existed**<br>From 03/16/2022 To PRESENT |
| LEVEL2 EVCS LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | | 61-1762656<br>**Dates business existed**<br>From 04/06/2022 To PRESENT |
| LONDON LIONS GROUP LIMITED | BASKETBALL TEAM | __ __ - __ __ __ __ __ __ __<br>**Dates business existed**<br>From 03/30/2020 To 07/30/2024 |
| LUMIERE FINANCING LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | | 84-3732898<br>**Dates business existed**<br>From 07/29/2019 To PRESENT |
| MANAGED CARE ADVISORY GROUP, LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | CLAIMS ADMINISTRATION | 36-4557064<br>**Dates business existed**<br>From 05/20/2019 To PRESENT |
| MEDSET FUNDING LLC FKA 777 RE INVESTMENTS LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | | 61-1762656<br>**Dates business existed**<br>From 12/28/2019 To PRESENT |
| MV REALTY PBC, LLC<br>1451 W. CYPRESS CREEK RD, SUITE 300<br>FORT LAUDERDALE, FL 33309 | FINANCE AND REAL ESTATE COMPANY | __ __ - __ __ __ __ __ __ __<br>**Dates business existed**<br>From 10/05/2018 To 06/23/2020 |
| NOTEWORTHY CAPITAL, LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | | 82-2354502<br>**Dates business existed**<br>From 07/28/2017 To PRESENT |

| Business name and address | Describe the nature of the business | Employer Identification number (Do not include Social Security number or ITIN.) | Dates business existed |
|---|---|---|---|
| OLC LEGACY I LLC<br>ACM DELAGATE LLC, C/O<br>CORPORATION SERVICE COMPANY,<br>251 LITTLE FALLS DRIVE<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | | 61-1762656 | From 07/02/2020 To PRESENT |
| OSPREY FINANCE LLC<br>ADLON LLC, 252 NW 29TH STREET,<br>9TH FLOOR<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | | 61-1762656 | From 12/16/2022 To PRESENT |
| PEREGRINE FINANCE LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | | 92-1913482 | From 01/24/2023 To PRESENT |
| PHOENICIA LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | HOLDING COMPANY | 83-2245451 | From 08/08/2018 To PRESENT |
| PROCAP INSURANCE PARTNERS<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | INSURANCE | 61-1762656 | From To PRESENT |
| SIGNAL FINANCIAL HOLDINGS LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | HOLDING COMPANY | 82-2292121 | From 06/23/2017 To PRESENT |
| SOLOMON ASSET MANAGEMENT LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | HOLDING COMPANY | 81-4943598 | From 01/11/2017 To PRESENT |
| SPEED LEASING COMPANY LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | MOTORCYCLE LEASING | 81-5160258 | From 01/20/2017 To PRESENT |
| SPHINX FUNDING LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | LITIGATION FUNDER | 61-1762656 | From 03/01/2021 To PRESENT |
| STUDIO LION LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | NO OPERATIONS | 61-1762656 | From 06/17/2021 To PRESENT |

| Business name and address | Describe the nature of the business | Employer Identification number (Do not include Social Security number or ITIN.) | Dates business existed |
|---|---|---|---|
| SUSTAINABLE SUPPLIES LLC<br>ACM DELAGATE LLC, C/O<br>CORPORATION SERVICE COMPANY<br>251 LITTLE FALLS DRIVE<br>WILMINGTON, DE 19808 | HOLDING COMPANY | 61-1762656 | From 10/05/2022 To 08/08/2025 |
| SYNCHRONO GROUP INC.<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | | 61-1762656 | From 03/06/2019 To PRESENT |
| THRESHER ACQUISITION LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | HOLDING COMPANY | 86-2150462 | From 01/22/2020 To PRESENT |
| TRIPLE 7 IRISH OPERATIONS LIMITED<br>FKA DELPHINUS CONCEPT LTD<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | NO OPERATIONS | 67-9401___ | From 10/12/2020 To PRESENT |
| TRIPLE SEVEN TALENT LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | | 87-2876408 | From 09/28/2021 To PRESENT |
| TRIPLE7 SPORTS MANAGEMENT LLC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | | 61-1762656 | From 09/30/2020 To PRESENT |
| TSP MANAGEMENT LIMITED<br>ADLON LLC, 252 NW 29TH STREET,<br>9TH FLOOR<br>MIAMI, FL 33127 | HOLDING COMPANY | __-_______ | From To 05/01/2026 |
| UNITED STAR SOFTWARE LIMITED<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | HOLDING COMPANY | __-_______ | From 03/15/2022 To PRESENT |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

❑ None

| Name and address | Dates of service |
|---|---|
| ANNALEE HAMBRIC<br>C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | From 05/24/2021<br>To PRESENT |

| Name and address | Dates of service | |
|---|---|---|
| BRETT KAUFMAN<br>ADDRESS REDACTED | From<br>To | 02/12/2024<br>04/18/2025 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service | |
|---|---|---|
| THE SIEGFRIED GROUP<br>801 BRICKELL AVENUE<br>SUITE 1925<br>MIAMI, FL 33131 | From<br>To | 03/01/2024<br>07/15/2025 |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☑ None

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| ACM DELEGATE<br>1180 AVENUE OF THE AMERICAS<br>21ST FLOOR<br>NEW YORK, NY 10036 |
| BOCA OWNERS LLC DBA THE BOCA RATON - BOCA BEACH CLUB<br>501 E. CAMINO REAL<br>BOCA RATON, FL 33432 |
| CHANGE LENDING LLC<br>88 PINE STREET, 20TH FL.<br>NEW YORK, NY 10005 |
| HERITAGE TRAVEL & TOURISM<br>C/O CARLTON FIELDS - AARON WEISS<br>700 NW 1ST AVENUE, STE 1200<br>MIAMI, FL 33136 |
| HUDSON COVE CAPITAL MANAGEMENT<br>HARBORSIDE FINANCIAL CENTER 5<br>185 HUDSON STREET, SUITE 2420<br>JERSEY CITY, NJ 07311 |
| INFOSYS LIMITED<br>507 E HOWARD LN, BUILDING 1, SUITE 200<br>AUSTIN, TX 78753 |

| Name and address |
|---|
| ING CAPITAL<br>1133 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10036 |
| JPC PHASE 2<br>PO BOX 330189<br>MIAMI, FL 33233 |
| LEADENHALL CAPITAL PARTNERS LLP<br>LEVEL 15, 70 MARK LANE<br>LONDON, EC3R 7NQ |
| MCDERMOTT WILL & SCHULTE<br>919 THIRD AVENUE<br>NEW YORK, NY 10022 |
| SECURITIES AND EXCHANGE COMMISSION<br>100 PEARL STREET, SUITE 20-100<br>NEW YORK, NY 10004-2616 |
| SILAC INSURANCE COMPANY<br>299 SOUTH MAIN STREET<br>SUITE 1100<br>SALT LAKE CITY, UT 84111 |
| VIDA LONGEVITY FUND, LP ("VLF") AND VIDA INSURANCE CREDIT OPPORTUNITY FUND III, LP<br>835 W. 6TH ST, SUITE 1400<br>AUSTIN, TX 78703 |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| ANNA PHILLIPS | PO BOX 320362<br>COCOA BEACH, FL 32932 | MANAGER | 0.00% |
| MARK SHAPIRO | 3500 MAPLE AVE<br>SUITE 420<br>DALLAS, TX 75219 | CHIEF OPERATING OFFICER | 0.00% |
| MICHAEL THATCHER | 3500 MAPLE AVE<br>SUITE 420<br>DALLAS, TX 75219 | INTERIM CFO | 0.00% |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| SUTTONPARK ACQUISITION LLC | C/O GLASSRATNER<br>3500 MAPLE AVE, SUITE 420<br>DALLAS, TX 75219 | MEMBER | 100% |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| IAN RATNER | 3445 PEACHTREE ROAD NE<br>SUITE 1225<br>ATLANTA, GA 30326 | MANAGER | From 05/06/2024<br>To 08/08/2026 |
| MARK SHAPIRO | 3500 MAPLE AVE<br>SUITE 420<br>DALLAS, TX 75219 | MANAGER | From 09/19/2024<br>To 08/08/2026 |
| ROBERT LOSIER | ADDRESS REDACTED | INTERIM CFO | From 02/15/2025<br>To 12/31/2025 |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 777 PARTNERS, LLC | 92-1419578 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

**Part 14: Signature and Declaration**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on 09/11/2026

✘ /s/ MARK SHAPIRO
Signature of individual signing on behalf of the debtor

Printed name MARK SHAPIRO

Position or relationship to debtor CHIEF OPERATING OFFICER / AUTHORIZED SIGNATORY

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207)* attached?**

☑ No

☐ Yes